976 F.2d 733
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AYTON PROGRESS CORPORATION, Plaintiff-Appellant/Cross-Appellee,
v.
David MOELLERING, Moeller Manufacturing Company, Inc., Metal
Working Supply Company, and Moeller Aerospace
Technology, Inc.
Defendants-Appellee/Cross-Appellants.
 Nos. 91-1968, 91-1932, 91-2002.
 United States Court of Appeals, Sixth Circuit.
 Sept. 16, 1992.
 
 Before MILBURN and SILER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant/Cross-Appellee, Dayton Progress Corporation ("Dayton"), manufactures punch and die/metal stamping components. Certain punch and die components are sold through catalogues according to various product lines, which include the "Versatile," "Kommercial," and "Ballock" lines. Moeller Manufacturing, Inc. ("Moeller") and Metal Working Supply Company ("Metal Working") compete with Dayton in the punch and die manufacturing and sales market. Moeller Aerospace Technology, Inc. ("Moeller Aerospace")[1] is the transferee of all of the assets and liabilities of Metal Working Supply.[2]
 
 
 2
 Moeller's unauthorized use of Dayton's trademark triliteral designators resulted in an agreement ("1983 agreement"), in which Moeller promised not to use the trademarks again. Dayton acted as the sole supplier of punch and die components to Murray of Ohio Manufacturing Company ("Murray") for several years. However, from 1988-1990, Moeller began using Dayton's trademarks and usurped Dayton's punch and die business with Murray. Furthermore, Moeller advertised products bearing Dayton's trademark in its catalogues.
 
 
 3
 In October, 1989, Dayton filed suit alleging breach of contract, Lanham Act violations, and other business torts against appellees. During discovery, Moeller's founder, Heinz Moellering, filed an affidavit stating that: (1) Moeller had made no commercial use of Dayton's triliteral designators since 1983; (2) Metal Working was the true infringer; and (3) Metal Working was a "totally separate corporate entity." Subsequent discovery revealed that Metal Working was owned and controlled by the Moellering family. On January 5, 1990, Dayton filed its first amended complaint adding Metal Working as a co-defendant. For approximately one year, the merger of Metal Working and Moeller Aerospace was concealed. On November 6, 1990, Moeller Aerospace was added as a co-defendant.
 
 
 4
 After discovery, Dayton moved for and was granted summary judgment against appellees, jointly and severally, on the breach of contract (1983 agreement) claim. On the first day of the damages trial, the parties agreed to dismiss the remaining claims. At the close of Dayton's proof concerning damages, which the district court found to be inadequate, appellees moved for an involuntary dismissal. However, the district court permitted Dayton to reopen its proof. The district court awarded Dayton $87,332.86 in damages, which was broken down as follows: (1) $61,774.00 for lost revenue on Dayton's discounted sales to Murray of Ohio; (2) $0.00 for lost future revenue;[3] and (3) $25,558.86 in lost profits. In computing lost profits, the district court deducted both direct and fixed costs in computing Dayton's profit margin, and applied this figure to Moeller's sales revenue. It also imposed sanctions against Heinz Moellering for the filing of his affidavit in bad faith.
 
 
 5
 Dayton appeals, asserting the following issues: (1) whether it was entitled to damages for lost future revenues; (2) what was the appropriate method for calculating damages for lost profits; and (3) whether Dayton's or Moeller's sales revenue should be used to determine Dayton's lost profits. Appellees cross-appeal, asserting the following issues: (1) whether they were entitled to an involuntary dismissal and whether Dayton was entitled to reopen its proof after failing to establish damages; (2) whether the appellees were jointly liable; and (3) whether Heinz Moellering was properly sanctioned for submitting a misleading affidavit.
 
 
 6
 Moellering testified that Heinz Moellering had not been active in the daily operations of the punch division for several years. Larry Shelton, President of Metal Working and Moeller, testified that Heinz Moellering would not have information relevant to the question of how Dayton's designators would have appeared on the punches of Metal Working Supply or Moeller Manufacturing. Accordingly, the record demonstrates that the district court did not abuse its discretion in finding that Heinz Moellering's affidavit was filed in bad faith. See Stewart v. RCA Corp., 790 F.2d 624, 632 (7th Cir.1986).
 
 
 7
 In a lengthy and well-reasoned opinion dated May 13, 1991, the district court set forth its reasons for granting summary judgment, including why it pierced the corporate veil. On July 24, 1991, the district court entered its Findings of Fact and Conclusions of Law. Although we hold those Findings of Fact and Conclusions of Law to be sound, we will address one matter. The district court did not abuse its discretion in re-opening the record because it granted appellees the right, which they failed to exercise, to take further discovery after Dayton reopened its proofs. See Noble v. National Mines Corp., 774 F.2d 144, 149 (6th Cir.1985) (District court's decision to re-open the record is reversible only for abuse of discretion.). Because the district court's opinion and Findings of Fact and Conclusions of Law adequately address the remaining issues presented on appeal, we need not restate the rationale for its decision.
 
 
 8
 Subsequent to the oral argument in this case, Dayton moved the district court to modify its opinion and judgment of July 24, 1991, under Fed.R.Civ.P. 60(b)(6), concerning sanctions assessed against plaintiff and its attorneys for withholding documents during discovery and for intentionally attempting to mislead the court during trial to inflate the damage award. The original opinion and judgment assessed sanctions against plaintiff only, whereas the text of the opinion said that plaintiff and its attorneys would be assessed sanctions. The court then modified the opinion and judgment to reflect its findings, that is, sanctions were assessed against both the plaintiff and counsel. As that part of the judgment was not in issue on appeal, this court's affirmation of the district court's decision is not affected.
 
 
 9
 We find no error in the district court's legal conclusions, and its factual findings are not clearly erroneous. See Fed.R.Civ.P. 52(a); see also Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). Therefore, the decision by District Judge Gerald E. Rosen is AFFIRMED.
 
 
 
 [1]
 David Moellering ("Moellering"), an officer of Moeller, is an appellee. Moeller, Metal Working, Moeller Aerospace, and Moellering are the appellees/cross-appellants and will be referred to collectively as "appellees."
 
 
 [2]
 Metal Supply and Moeller Aerospace merged on December 31, 1989
 
 
 [3]
 The district court found the evidence on this issue to be too speculative